**Law Office of Anthony Cecutti**
111 Broadway, Suite 1305
New York, New York 10006
Phone: (917) 741-1837

December 2, 2014

**BY ECF**
The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**SUPPLEMENTAL SENTENCING MEMORANDUM**

**Re: United States v. Stephen Bycholski; 12 Cr. 384 (KMW)**

Dear Judge Wood:

    I, along with John Kaley, represent Stephen Bycholski in the above matter. We respectfully submit this supplemental sentencing memorandum, pursuant to Fed. R. Crim. P. 32, in support of a sentence of time served and 2 years of supervised release.[1]

    On July 1, 2013, pursuant to a plea agreement, Mr. Bycholski entered a plea of guilty to Count One (conspiracy to transport stolen goods, in violation of 18 U.S.C. § 371), Count Two (conspiracy to receive stolen goods, in violation of 18 U.S.C. § 371) and Count Three (conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343). Sentencing was scheduled for December 11, 2013. On that date, Mr. Bycholski appeared for sentencing. Your Honor adjourned sentencing for 1 year to December 11, 2014 to further assess Mr. Bycholski's positive progress related to his sobriety, employment and restoration with his family.[2]

    Stephen Bycholski is not the same person that he was when he was arrested on March 21, 2012. Prior to and during the commission of the instant offenses, Mr.

---

[1] The maximum period of supervised release under Counts One, Two and Three is 3 years. Since Mr. Bycholski was supervised this past year without incident, we respectfully request a 2-year period of supervised release.

[2] Supervising Probation Officer Jennifer Amato (District of Connecticut) has largely corroborated the information contained in this supplemental memorandum. Concerning the past 12 months, she informed me on November 25, 2014, of the following: Mr. Bycholski has remained in compliance with the conditions of his release; he reports weekly; all his urine tests have been negative; he successfully completed substance abuse treatment; he has maintained employment; and he has shown improvement in his attitude and demonstrated increased motivation for change.

1

Bycholski was a full-blown drug addict, alcoholic and gambler. Through rehabilitative efforts, including successful completion of intensive outpatient treatment and relapse prevention, Mr. Bycholski became sober and drug-free. He continues to be sober and drug-free and attends and participates in Gamblers Anonymous and Narcotics Anonymous. In addition, he is employed. Since February, 2013, Mr. Bycholski has worked 25 to 30 hours per week (7 days per week) for Family Distributors as a paper delivery man. He has not missed a day of work. Mr. Bycholski continues to do renovating, painting, landscaping and contracting work to supplement his income. Lastly, he is actively involved in caring for his niece and nephew.

Mr. Bycholski has worked to restore his relationships with his mother, sister, brother-in-law and their children. They have fully embraced him and have given them their trust. *See* Defense Sentencing Memorandum, December 5, 2013, Exhibit "A" (Letters – Judith Meacham; Kurt Potter). Both Ms. Meacham and Mr. Potter wrote supplemental letters to Your Honor. Describing her son's commitment to real change and how proud she is of him, Ms. Meacham writes:

> Sometimes I am even a little in awe of how [Steve] is handling himself and certainly how he has handled the past couple of years … In February 2015 it will be 2 years that he worked his nighttime job, never taking a sick day or a holiday or a vacation day. That's almost 600 days without a day off. It makes me feel so confident that his head is in the right place and he has had the opportunity to see that life can be good by being part of the community and choosing your friends carefully … In reality the future for Steve will have some hardships and disappointments, but he has shown us that he can now deal with the up[s] and downs and not turn to immediate gratification or bury his head in the sand. He is continually taking positive steps to stay a[n] active and caring member of our family and his community.

*Judith Meacham Letter*, Exhibit "B."

Similarly, Mr. Kurt Potter has observed Mr. Bycholski's dedication to personal growth, change and family and writes:

> Over the past 2 years I have watched Steve evolve into the person that he has always been meant to be. He is kind, thoughtful and ever present in our family life. He is quite literally the best uncle to my children that I could ever ask for, and truly the envy of parents who don't have such a person in their lives … If there is a person who has taken his responsibilities more seriously over the past two years, I don't know them.

*Kurt Potter Letter*, Exhibit "B."

In essence, as Kurt Potter writes, Mr. Bycholski has done everything asked of him by the criminal justice system, society and his family and is now leading a law-abiding,

productive, and meaningful life. The same could not be said when he was arrested in this case over 2 years ago. As Stephen Bycholski wrote in his letter to Your Honor a year ago, *see* Defense Sentencing Memorandum, December 5, 2013, Exhibit "A," and as he will inform Your Honor at his sentencing, he has taken full responsibility for his actions, is truly ashamed for his criminal conduct, learned valuable and significant life lessons and sought to become a productive member of his family and community.

Accordingly, when all of the factors and objectives of 18 U.S.C. § 3553(a) are considered and weighed, a sentence of time served and 2 years of supervised release, per count to run concurrently, is "sufficient but not greater than necessary," in this case, at this time, for this defendant, Stephen Bycholski.

Respectfully submitted,

/s/

Anthony Cecutti

cc: AUSA Micah Smith (by email: micah.smith@usdoj.gov);

U.S. Probation Officer Jemmard Thomas (by email: jemmard.thomas@nysp.uscourts.gov);

U.S. Probation Officer Jennifer Amato (by email: Jennifer_Amato@ctp.uscourts.gov)